IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY M. NIELSEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>COURT OF COMMON PLEAS, et al., )<br>)<br>Respondents. ) | C.A. No. 07-175 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

**OPINION AND ORDER**[1]

**I.    Introduction**

Petitioner, Amy M. Nielsen, has filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254, which she subsequently amended. [Document Nos. 1 & 13]. For the reasons set forth below, her request for habeas relief is denied and a certificate of appealability is denied.

**A.    Relevant Background**

In 2000, the Commonwealth charged Petitioner with nine separate counts of writing bad checks in violation of 18 PA.CONS.STAT. § 4105. Her criminal case is docketed in the Court of Common Pleas of Erie County, Pennsylvania, at No. 1617 of 2000.[2] The court appointed Christine Fuhrman Konzel, Esq., who at the time was the Chief Public Defender of Erie County, to represent her.

On June 22, 2000, Petitioner pleaded guilty to each count. That same day, the trial court sentenced her to 5 years of Restrictive Intermediate Punishments ("RIP")[3] on each count, to be

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have an United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] The Common Pleas Court's docket sheet is available for review online at <http://ujsportal.pacourts.us> and this Court takes judicial notice of it.

[3] RIPs are an available sentencing alternative under Pennsylvania sentencing law that allows for County Intermediate Punishment programs. See 42 PA.CONS.STAT. §§ 9721, 9763. See also 42 PA.CONS.STAT. § 9801 et seq.

1

served consecutively.  (See Drug Court Plea and Sentencing Hr'g Tr.).[4]

Petitioner had several drug relapses and her RIP was revoked after a hearing on August 23, 2001.  The court resentenced her to 1-2 years' imprisonment at Count 1; a consecutive 1-2 years' imprisonment at Count 2; and, a consecutive 6-12 months' imprisonment at Count 3.  The court also imposed a 5-year term of probation for Counts 3 through 9, to be served consecutively.  (See Intermediate Punishment Revocation Hr'g Tr. at 10-11).

On August 31, 2001, Petitioner filed a post-sentence motion claiming that her sentence was excessive and requesting a modification to a lesser term of incarceration and probation.  (SCR No. 15).  In response to the motion, the court modified the sentence so that the terms at Count 2 and Count 3 ran concurrent to Count 1, leaving an aggregate sentence of 1-2 years of imprisonment, to be followed by 25 years of probation.  (SCR No. 19).

Petitioner subsequently committed several technical violations of her probation, including failing to abstain from illegal drug use.  A probation revocation hearing was held on February 2, 2004, at which Petitioner was represented by Stephen J. Lagner, III, Esq., with the Public Defender's Office.  At the end of the hearing, the court revoked Petitioner's probation and resentenced her to consecutive terms of imprisonment of 2 1/2 to 5 years on Count 4 and Count 5, effective from the date she was detained in October 2003.  It also reimposed the other periods of probation for Counts 6 through 9.  (See State Probation Revocation Hr'g Tr. at 5-17; see also SCR No. 27, ¶¶ 4-6).

On February 9, 2004, Petitioner, through Lagner, filed a motion to modify her sentence, claiming that the court improperly classified her convictions as first degree misdemeanors.  (SCR No. 27).  The court agreed and during a hearing on March 17, 2004, it vacated its February 2nd sentencing order.  It then resentenced her to: 1-2 years' imprisonment at Count 4 (effective March 13, 2002); a consecutive sentence of 6-12 months' imprisonment at Counts 5, 6, and 7; to be followed by consecutive terms of 12 months' probation at Counts 1, 2, 3, 8, and 9, to commence at

---

[4] Respondents have filed the original state court record ("SCR") and relevant transcripts.  The SCR contains 53 documents and will be cited to as "SCR No. __ ."

2

the expiration of her sentence at Count 7.  Thus, Petitioner's aggregate sentence was a term of imprisonment not less than 30 months nor more than 60 months.  (Post-Sentencing Motion/Resentencing Hr'g Tr. at 13-15; SCR No. 30).[5]

Subsequent to that action, Petitioner, through Lagner, filed another post-sentence motion, in which she alleged that her sentence was illegal and that she was entitled to additional credit for time served.  (SCR No. 31).  On or around March 30, 2004, the court issued an order denying that motion.  (SCR No. 33).

Petitioner, through Lagner, filed an appeal to the Superior Court of Pennsylvania on April 29, 2004.  (See SCR Nos. 35, 37).  She raised the following three claims:

(1) Where the trial court vacated an illegal sentence and resentenced the appellant, did the trial court commit an error as a matter of law when it failed to apply the sentencing guidelines at the time of the March 17, 2004, resentencing?

(2) If the Superior Court determines that the sentencing guidelines were not applicable at the time of the March 17, 2004, resentencing, was the revocation sentence imposed nonetheless manifestly excessive?

(3) If the Superior Court determines that the sentencing guidelines were not applicable to the March 17, 2004, resentencing and the sentence imposed was not otherwise manifestly excessive, did the court err as a matter of law in determining the amount of credit to be applied to the March 17, 2004, sentence and in imposing sentences of probation at Counts 1, 2, and 3?

(See *Brief For Appellant*, Commonwealth v. Nielsen, No. 738 WDA 2004 (Pa. Super. Oct. 13, 2004)).[6]

On April 15, 2005, the Superior Court issued a Memorandum in which it quashed the appeal as untimely.  (SCR No. 44, Commonwealth v. Nielsen, No. 738 WDA 2004, slip op. (Pa. Super. Apr. 15, 2005)).  It explained that, pursuant to Pennsylvania Rule of Criminal Procedure 708(D), a defendant has "thirty days to appeal from a sentence imposed following revocation of probation *regardless of whether she files a post-sentence motion*."  (Id. at 3 (citing Commonwealth v. Parlante, 823 A.2d 927, 929 (Pa. Super. 2003) (emphasis added)).  "Therefore,"

---

[5] On August 19, 2004, the court increased the jail credit to 755 days.  (SCR No. 42).

[6] The *Brief For Appellant* was filed by Ines M. Massella, Esq., also with the Public Defender's Office.  Lagner is listed as counsel of record on the Superior Court's docket.

3

the Superior Court noted, "if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied." (Id. at 3-4). The Superior Court then determined that:

> [T]he trial court's March 17th order clearly entered a judgment of sentence following revocation of Appellant's probation. Appellant had thirty days from March 17th to file a notice of appeal, regardless of her filing a subsequent motion to modify sentence, which the court denied on March 30, 2004. See Pa.R.Cim.P. 708(D). Thus, Appellant's April 29, 2004 notice of appeal was facially untimely. See Parlante, supra; Pa.R.Crim.P. 708(D). Furthermore, the trial court in this case did not misstate the proper time for filing an appeal, a situation in which this Court has previously declined to dismiss a facially untimely appeal from a revocation of probation sentence. See Parlante, supra; [Commonwealth v. Coolbaugh, 770 A.2d 788 (Pa. Super. 2001)]. In fact, during the March 17th hearing Appellant's attorney correctly instructed her:
>
>> You also have the right to file an appeal to the Superior Court ... within thirty days of your revocation and resentencing date. So if you want to appeal your sentence ... you have thirty days from today's date to do that.
>> You do not need to file a post-sentencing motion to preserve your right for appeal. Any issue raised before the trial court may be raised on appeal.
>
> (N.T. Post-Sentence Motion/Resentencing Hearing, 3/17/04, at 10) (emphasis added). Thus, we do not have authority to overlook the untimeliness of Appellant's appeal. See Parlante, supra; Coolbaugh, supra.

(Id. at 5-6).

The Superior Court further held that if it were to address Petitioner's claims, it would conclude they were without merit:

> "When considering the sentence imposed after probation revocation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." Commonwealth v. McAfee, 849 A.2d 270, 275 (Pa. Super. 2004). The sentencing guidelines do not apply to sentences imposed following revocation of probation or intermediate punishment. 204 Pa.Code. § 303.1(b); McAfee, supra. Thus, the trial court was not bound by the sentencing guidelines when resentencing Appellant following its revocation of her intermediate punishment on August 23, 2001, or following its revocation of probation on February 2, 2004, amended *via* the March 17, 2004 resentencing. See id. A review of the record reveals Appellant's sentence was supported by the facts of the case and based on a fair consideration of the relevant sentencing factors. See Parlante, supra. Thus, Appellant's sentence was not manifestly excessive. See id.

(Id. at 6-7 (footnotes omitted)).

Next, on January 30, 2006, Petitioner filed a *pro se* petition for relief under the

4

Pennsylvania Post-Conviction Relief Act ("PCRA"). (SCR No. 47). She contended that:

- (1) her initial sentence was graded incorrectly and should have been vacated;
- (2) her attorney was ineffective for failing to identify the incorrect grading of her charges and for failing to inform her that she could receive the maximum sentence allowed by law with all counts running consecutively;
- (3) her sentence was manifestly excessive; and,
- (4) the court abused its discretion in sentencing her because of purported personal prejudice against her.

The PCRA Court appointed William Hathaway, Esq., to represent Petitioner. He subsequently filed a "no-merit" letter and a motion to withdraw.

On August 22, 2006, the PCRA Court issued a 12-page *Notice Of Intent To Dismiss PCRA Petition*. (SCR No. 49). It held that Petitioner's claims failed because they were either untimely, previously litigated, waived, or moot. (Id.) It officially denied the PCRA petition on September 11, 2006. (SCR No. 50). Petitioner did not file an appeal with the Superior Court of Pennsylvania.

On May 29, 2007, Petitioner was again found to be in violation of her probation and parole. The court revoked her sentences of probation at Counts 1, 2, 3, 8, and 9. It sentenced her to 6-17 months' incarceration at Count 1, to be followed by 4 years of probation on the other counts. (SCR No. 53).

Thereafter, Petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, which she later amended. [Document Nos. 1 & 13]. She raises the following claims:

- (1) her trial attorney was ineffective for failing to correct an error in the grading of her offenses and for failing to inform her of alternative sentencing options;
- (2) her appellate counsel were ineffective for failing to file a timely appeal from the court's March 17, 2004, sentencing order;
- (3) her attorney at the May 29, 2007, hearing failed to explain to her why her probation and parole was being revoked;
- (4) the prosecutor at the May 29, 2007, revocation hearing (Christine Furhman Konzel) had previously represented her and therefore had an impermissible conflict of interest;
- (5) her sentence should be vacated because it is manifestly excessive, the court abused its discretion in sentencing her, she is entitled to additional

sentencing credit, it was calculated incorrectly.

The District Attorney of Erie County filed an Answer responding to Petitioner's claims connected to the sentence imposed and ineffective assistance of counsel. [Document No. 16]. The District Attorney argues, *inter alia*, that Petitioner's claims are procedurally defaulted because she failed to exhaust them properly in state court. The Attorney General's Office filed an Answer responding to Petitioner's allegations that her sentence was improperly calculated. [Document No. 8]. It asserts that Petitioner's sentence has been properly calculated by the Department of Corrections and the Board of Probation and Parole.[7]

### B.     Discussion

The doctrine of "exhaustion" requires a state prisoner to first present his federal constitutional claims to the state courts before raising those claims in federal habeas court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). In order to exhaust a claim properly, a petitioner must "fairly present" it to *each level of the state courts*. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848; Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996), abrogated on other grounds by Beard v. Kindler, ___ U.S. ___ ,130 S.Ct. 612 (2009)). In Pennsylvania, this requirement typically means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in her habeas petition to *both the Common Pleas Court and then the Superior Court either on direct or PCRA appeal*. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

As the forgoing review of the procedural history of Petitioner's case demonstrates, she did not raise any of her habeas claims in state court properly. She has never litigated the claims

---

[7] The Common Pleas Court's docket indicates that Petitioner was paroled effective December 1, 2009. She has not provided the Court with her most recent address; therefore, this Memorandum and Order will be sent to her last address of record, which is the Erie County Prison.

designated herein as Claims 1, 2, 3, and 4 with the Superior Court, which she had to do in order to fully and properly exhaust those claims. It appears that she did raise the allegations contained at Claims 5 in her direct appeal to the Superior Court, but that court denied those allegations because they were untimely.[8]

The procedural default doctrine applies to bar federal habeas relief when a state court has declined or would decline to address a petitioner's federal constitutional claims because she failed to meet a state procedural requirement (*i.e.*, failed to exhaust the claim properly). See, e.g., Whitney v. Horn, 280 F.3d 240, 381 (3d Cir. 2002). A petitioner whose constitutional claim has not been addressed on the merits due to the failure to comply with a state procedural rule can overcome the default, thereby allowing federal court review, if she can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).

Petitioner has the burden of demonstrating "cause and prejudice." Coleman, 501 U.S. at 750; see e.g. Lines, 208 F.3d at 160. She does not satisfy this burden. The District Attorney acknowledges that her direct appeal counsel (Lagner and Massella) were arguably ineffective in failing to file a timely appeal of the March 17, 2004, resentencing order. However, although the Supreme Court has recognized that attorney error that rises to the level of a Sixth Amendment violation can constitute "cause," Coleman, 501 U.S. at 753-54, Petitioner may not rely on direct appeal counsels' alleged ineffectiveness to avoid a procedural default in this case. That is because she could have, but did not, raise a claim of ineffective assistance of direct appeal counsel to the Superior Court during the PCRA proceeding. "[A] claim of ineffective assistance of [appellate]

---

[8] The state rule that the Superior Court applied to deny Petitioner relief on her allegations (Pa.R.Crim.P. 708(D)) was both "independent" of federal law (meaning the application of the rule did not depend on answering any federal constitutional question) and "adequate" to support the judgment. See, e.g., Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman, 501 U.S. at 732. A state rule is "adequate" if the state appellate court reviewing the petitioner's claim refused to review it on the merits because the petitioner failed to comply with the rule and the state court's refusal was consistent with other decisions. Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007); Kindler, 130 S.Ct. at 617-18 (discretionary state rules can be "adequate"); see also Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (a state procedural rule is "adequate" if it is "firmly established and regularly followed" at the time that the alleged procedural default occurred).

7

counsel [must] be presented to the state courts" in a PCRA proceeding "as an independent claim before it may be used to establish procedural default." Murray, 477 U.S. at 489.[9] Accordingly, Petitioner's contention that her direct appeal counsel were ineffective in failing to file a timely appeal is insufficient to demonstrate "cause" to overcome the default her claims.  Therefore, because her federal habeas claims are procedurally defaulted and the "cause and prejudice" exception is inapplicable to excuse her default, she is not entitled to habeas relief.

The Court also notes in closing that the central issue in the instant habeas petition is Petitioner's contention that she is serving an excessive sentence.  Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review.  See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  A claim of an excessive sentence is not cognizable in federal habeas.  Unless a habeas petitioner asserts that a state sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is purely a question of state law.  See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42- 43 (3d Cir.1984).

### C.     Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that

---

[9] A petitioner also can overcome a procedural default under the "fundamental miscarriage of justice" exception. This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995); House v. Bell, 547 U.S. 518 (2006); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). Coleman, 501 U.S. at 750-51.  It only applies only in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40.  It is not applicable to this case.

8

"[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether Petitioner's habeas claims are procedurally defaulted. Accordingly, a certificate of appealability is denied.

### III.    CONCLUSION

For the foregoing reasons, the Petition For Writ Of Habeas Corpus, as amended, is denied and a certificate of appealability be denied. An appropriate order follows.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated:  April 16, 2010

cc:     Notice by ECF to counsel of record and by U.S. Mail to:

Amy M. Nielsen
14190
Erie County Prison
1618 Ash Street
Erie, PA 16503

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMY M. NIELSEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>COURT OF COMMON PLEAS, et al., )<br>)<br>Respondents. ) | C.A. No. 07-175 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## ORDER

AND NOW, this 16th day of April, 2010;

IT IS HEREBY ORDERED that the Petition For Writ Of Habeas Corpus, as amended, is denied and that a certificate of appealability be denied.  The Clerk of Courts is hereby directed to close this case.

s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:   Notice by ECF to counsel of record and by U.S. Mail to:

Amy M. Nielsen
14190
Erie County Prison
1618 Ash Street
Erie, PA 16503